WALDEN, Judge.
This is an appeal from a conviction for arson and burning to defraud an insurer. We affirm.
A residence purchased by defendant, Ronald E. Hart, burned. The case was tried non-jury. Conflicting evidence was presented with the conflicts being clearly determined by the trial judge. The order of conviction provided:
“This was a non-jury trial of Arson in the First Degree and Burning to Defraud an Insurer. The defendant was represented by Attorney Charles Chillingworth and Assistant State Attorney Mark Ewart prosecuted for the State.
“The facts reflect that the defendant had encountered some financial difficulties; that he had encountered some difficulties in domestic relations matters and that he purchased a home for his sister, Charmaine Baker, that was located on waterfront property in Riviera Beach, Florida.
“The parties stipulated that the home was the subject of an arson on July 7th, 1984; that the purchase price of the home was $220,000; that the home was insured by Allstate Insurance Company for $300,-000; that a flammable liquid was used to accelerate the fire; that the home was equipped with burglar and fire alarm systems which were inoperable at the time of the fire and that the property was purchased by loans through private mortgages to the extent of $130,000. That stipulation should be read in conjunction with the order.
“This was a vigorously tried lawsuit. The parties furnished the Court with helpful memoranda, suggested orders and abundant case law citations.
“All of the elements of the two crimes charged are proved by the stipulation except whether or not the defendant was the person who committed the crime. I find beyond a reasonable doubt that the defendant is guilty of Arson in the First Degree and Burning to Defraud an Insurer under Florida Statutes 806.01(l)(a) and 817.233.
“As the Court stated through Judge Nimmons in Buenoano v. State, 478 So.2d 387 (1st D.C.A. 1985) at 390:
“The standard of sufficiency of evidence applicable when a case is based on circumstantial evidence is: Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.’ (Citations omitted) ... but the question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, the verdict will not be reversed on appeal.” (Citation omitted)
“Moreover, it is instructive to remember that the special standard governing sufficiency of evidence in circumstantial evidence cases does not, of course, mean that the trier of fact must believe the defense witnesses regarding facts on which the State has presented contrary testimony.”
“When Mr. Hart purchased insurance for the house titled to his sister, he told the insurance agent that there was a smoke alarm but neglected to tell him that the alarm was inoperable. He also told the agent that the house was purchased for $390,000.
“The insurance agent informed the defendant that he would need to go and make a photograph of the property before it could be insured. The defendant hand delivered a photo of the house to the agent. There was considerable conflicting testimony as to whether or not the house was run down and in need of repair. I find that the *709 house had been neglected, needed repairs and was not in mint condition, although the defendant and his son lived there prior to going to Illinois in late June of the year. The house was livable.
“Towards the end of June, the defendant sent his young son to relatives in Illinois. Towards the end of June the defendant himself left to visit relatives and be with his son in Illinois.
“The testimony reveals and I find that only the defendant Hart and his sister had keys to this residence. While there was a great deal of alibi evidence that the defendant was continuously with friends and family in Illinois during the first week of July I believe the testimony of Mr. Henry Schroeder and Helen Landon that the defendant was seen on July 5th at the Tequesta Gardens Apartment in Palm Beach County.
“The fire occurred about 10:00 o’clock p.m. on July 7th and was reported by the next door neighbor. On arriving at the residence the firemen discovered that the home was completely secured; the windows were shut and the doors were locked; there had been no forced break-in or entry. If the fire had been able to spread before it was extinguished, there would no doubt have been major destruction.
“The testimony reflects that the cause of the fire was a toaster connected to two electrical timers. The toaster was in the down or on position with a gasoline soaked rag jammed down inside of it. When the timers went through their cycles, electricity flowed into the toaster and ignited the gasoline soaked rag.
“Only one circuit breaker was left on in the house and this was the one that was connected to the timers and toaster. At various places throughout the house were located approximately twenty-eight containers of gasoline. Some were of one gallon and some were of greater than one gallon capacity. Most of them were two-thirds or more full and some were open and some were closed. Also, gasoline was spread on carpeting and elsewhere.
“The house is connected to a garage in such a fashion that a person can leave the house, get into a car, open the garage door by an automatic opener and drive away. The defendant’s 1978 Ford Thunderbird was inside the garage. On the passenger side was found a gasoline soaked handkerchief on the floorboard. The rubber mat on the back floorboard was raised and a sample of the liquid that was there came back positive for gasoline from the lab. The inference here is clear that the defendant himself drove his automobile to get the numerous gasoline containers and entered the garage using the automatic garage door opener. There is not evidence that anyone else had access to that car and no one from the outside could see the gasoline containers being carried into the house because of the door connecting the garage and house.
“The defendant’s behavior upon being informed of the fire as recounted by observers was bizarre.
“In early December of 1984 All State Insurance Company deposed the defendant and the defendant tape recorded the process. On December 7th, 1984 the defendant’s sister gave a deposition to All State Insurance Company in Illinois. The defendant flew to Illinois on a late night flight from Palm Beach County and was observed by an All State Representative playing a tape recorder for his sister. During Baker’s deposition the defendant engaged in body language communication with his sister.
“The defendant was unable to produce evidence of the purchase price of the personal property in the house. The State argues that this conceals the true value of the property and would have forced All State to pay the replacement cost of the property under the terms of the policy and pursuant to Florida Statute 627.702.
“The defendant testified that he has a Electrical Engineering Degree from the University of Illinois and a law degree from the University of Baltimore. He is not admitted to practice law. The defendant is also a real estate agent.
“I am unable to discover in this evidence any reasonable hypothesis of innocence. The only hypotheses advanced by the de *710 fense are speculative, imaginary, flimsy and without substance.
“The defendant is found guilty as charged. He is to report to the Probation Department within twenty (20) days of the date of this order for the preparation of Pre-sentence Investigation. The Court retains personal jurisdiction of the defendant and his bond. The defense attorney is directed to instruct his client as to the filing of a Motion for New Trial and all appellate remedies available and to confirm this, in writing, to the Court.”
Our review of the record in light of the respective appellate stances convinces us that the case was correctly decided and that no reversible error has been made to appear.
There was substantial competent evidence to support the judgment of conviction. We affirm upon authority of Rose v. State, 425 So.2d 521 (Fla.1982); Bradford v. State, 460 So.2d 926 (Fla. 2nd DCA 1984).
AFFIRMED.
DOWNEY and GUNTHER, JJ., concur.